Carl D. Crowell, OSB No. 982049
email: carl@crowell-law.com
CROWELL LAW
P.O. Box 923
Salem, OR 97308
(503) 581-1240
Of attorneys for plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **DALLAS BUYERS CLUB, LLC**, <br><br> Plaintiff, <br> v. <br><br> **DOE-67.160.155.160,** <br><br> Defendant. | Case No.: 3:15-cv-00178-AC <br><br> PLAINTIFF'S MOTION FOR LEAVE TO ISSUE FRCP 45 SUBPOENA TO NON-PARTY <br><br><br> EXPEDITED RULING REQUESTED |

LR 7-1 Conferral

The relevant subscriber from whom discovery is sought is non-responsive to plaintiff's attempts to communicate and as such there has been no effective conferral on this motion.

**PLAINTIFFS MOTION FOR LEAVE TO ISSUE FRCP 45 SUBPOENA**

**TO NON-PARTY**

Pursuant to Federal Rule of Civil Procedure 26 and 45, plaintiff moves the Court for an order permitting plaintiff to issue an FRCP 45 subpoena for the deposition of the non-party identified as responsible for the Internet protocol ("IP") address used by the Doe defendant to infringe plaintiff's rights. Plaintiff believes the relevant deposition will take no more than two

(2) hours and will provide plaintiff with sufficient information to either name a defendant or result in plaintiff dismissing this action.

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO ISSUE FRCP 45 SUBPOENA TO NON-PARTY**

1.   Introduction

As outlined in plaintiff's complaint (Dkt. 1) and the prior motion to expedite discovery (Dkt. 3) plaintiff is seeking leave to identify the Doe defendant who used a specific IP address to infringe plaintiff's rights.   As per the Complaint, the persistence of the activity associated with the IP address, which can be filed if requested, indicates the Doe defendant is a permissive user of the subscriber's Internet service and likely long-term resident of the household.

In this case ISP Comcast has identified a singular subscriber that was assigned the IP address used by the Doe.  On notice of this action from Comcast, and prior to any subpoena response, a party contacted plaintiff's counsel and claimed to be the subscriber. The caller provided a name and partial address, however, the party refused to provide a phone number.  The name and partial address of the caller were subsequently confirmed as matching that of the subscriber in the Comcast subpoena response.

The subscriber that called stated they were not the infringer and did not know who the infringer might be and asserted two explanations for the observed infringing activity claiming: 1) Comcast broke with their standard procedure and installed a Wi-Fi router at the residence that had no password protection[1], and 2) they believed residents of a hotel that was near used their

---

[1] Based on information and communications with Comcast staff, by default Comcast pre-installs a 16 digit alphanumeric password on all Wi-Fi routers supplied to customers, an exemplar of such being: A772GH18WX89J27.

Wi-Fi and the hotel guests were the source of the infringing activity observed.  The subscriber also claimed there were records of the Comcast error in providing an "open" Wi-Fi and that since receiving notice of the suit Comcast had been notified and had corrected the problem, such work generally creating a work order or record of the service.

Plaintiff has since attempted to confer further with the subscriber to obtain the relevant records of the Comcast error and correction, but there has been no further telephone communication from the subscriber and no response to letters.  Plaintiff is still without a telephone number to initiate any phone contact.  Further, as plaintiff now has a full address of the subscriber the following additional facts have been ascertained:

- Using the full address of the subpoena response, Google Maps locates the subscriber approximately 80 meters[2] from the nearest part of the nearest hotel, which is beyond the range of conventional Wi-Fi.

- The relevant hotel offers free Wi-Fi to guests, making the attempts to use a remote private Wi-Fi signal, even if it could be reached, improbable.

- Though around the time of initial contact with plaintiff's counsel observed BitTorrent activity on the subject IP address terminated, recently the subscriber's IP address has again become associated with the BitTorrent trafficking of content which is consistent with prior activity.  Such content includes several specific weekly television shows indicating a consistent use of the IP address for BitTorrent activity over months that was merely temporarily interrupted with the initial threat of this litigation.

---

[2] It is conceded that Google Maps may be in error and based on an estimate from satellite imagery the distance might be 30 meters (plausible range, though unlikely) or as much as 140 meters.

As such, the subscriber's plausible explanations of the observed infringing activity are called into question.  Based on the consistency of titles and subject matter observed associated with the subscriber's IP address both before notice of this suit, and in recent activity, plaintiff believes the relevant conduct, and the infringing activity is by a permissive user of the subscriber's internet service who would have been granted direct access by the subscriber and thus be known to the subscriber.  Plaintiff requests leave to issue a subpoena to ascertain the occupants of the residence and the identity of all parties who had access to the subscriber's Internet service both prior to the notice of the suit, and after the claimed installation of a password, accepting for the sake of argument that subscriber was correct in Comcast failing to initially provide a password protected Wi-Fi.

While the named subscriber is often the proper defendant, plaintiff in this case has received communication from a subscriber that expressly and clearly disclaims both any participation in, or knowledge of BitTorrent activity. As such, plaintiff wishes to continue their good faith investigation as to the identity of the proper defendant as it may well be another now unknown occupant of the residence.

## 2. There is a demonstrated likelihood of plaintiff being able to identify an actual infringer with further discovery.

The clear record before this court is that with further discovery plaintiff is likely to be able to identify the actual infringer and avoid naming or further burdening a party who claims to be a mere subscriber.  In 2014 plaintiff filed a total of 19 actions in this state. The record of these cases indicates that in the vast majority of the cases filed by plaintiff a definitive and conclusive liable defendant is confirmed.  As such, plaintiff's actions are clearly not merely speculative.  If

the question before the court is whether or not plaintiff is "likely" to be able to identify the actual infringer, then based on the proven record the answer is a resounding "yes."

3. Conclusion

Plaintiff respectfully requests the Court grant its motion for leave to issue an FRCP 45 subpoena to the non-party subscriber to depose the subscriber on matters related to the access and use of their Internet service by occupants of the residence.

Plaintiff requests an expedited ruling on this matter as with resumed observed activity, should the defendant be maintaining plaintiff's motion picture in the shared BitTorrent publication folder as originally observed, the defendant would have been and would be continuing to currently re-publish the motion picture to countless others constituting a continuing harm.

DATED: April 10, 2015.

Respectfully submitted,

*/s/Carl D. Crowell*
Carl D. Crowell, OSB No. 982049
email: carl@crowell-law.com
(503) 581-1240
Of attorneys for the plaintiff